IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

JACKIE J. SPEARS,

    Petitioner,

v.                                                           Case No. 2:21-cv-02515-MSN-tmp

FLOYD BONNER,

    Respondent.

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS
ORDER DISMISSING § 2241 PETITION WITHOUT PREJUDICE,
DENYING A CERTIFICATE OF APPEALABILITY,
CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH,
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

Before the Court is the *pro se* "Petition for Writ of Habeas Corpus Requesting Immediate Release Irreversible Harm" ("§ 2241 Petition," ECF No. 1) filed by Petitioner Jackie J. Spears, booking number 16110308, a pretrial detainee at the Shelby County Criminal Justice Center ("Jail") in Memphis, Tennessee and Respondent's motion to dismiss the petition based on Spears failure to exhaust state remedies. (ECF No. 13.) For the reasons stated below, the Court **GRANTS** the motion to dismiss and **DISMISSES** the § 2241 Petition **WITHOUT PREJUDICE**.

**I.**    **THE HABEAS PETITION**

On August 9, 2021, Spears filed a § 2241 Petition requesting that the Court grant immediate release. (*See* ECF No. 1 at PageID 1.) Spears asserts that he has been indicted in the Shelby County Criminal Court for criminal attempt first degree murder, possession of a controlled

substance with intent, and especially aggravated robbery in three separate indictments.[1]  (*See id.* at 4.)  He asserts speedy trial and due process violations because COVID-19 required that his trial be delayed and rescheduled.  (ECF No. 1 at PageID 4.)  On October 12, 2021, the Court directed Respondent to file a response to the habeas petition.  (ECF No. 7.)  On December 15, 2021, Respondent filed a motion to dismiss the habeas petition, alleging that Spears has not exhausted his claims in state court.  (ECF No. 13.)

## II. ANALYSIS

Title 28 U.S.C. § 2241(c)(3) authorizes federal courts to issue writs of habeas corpus on behalf of a prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  Except in extraordinary circumstances, a federal court may not issue a writ of habeas corpus with respect to a pending state criminal prosecution.  *See, e.g.*, *Younger v. Harris*, 401 U.S. 37 (1971) (declining to enjoin prosecution under an unconstitutional statute); *Fenner v. Boykin*, 271 U.S. 240 (1926); *Ex parte Royall*, 117 U.S. 241 (1886); *Ballard v. Stanton*, 833 F.2d 593 (6th Cir. 1987); *Zalman v. Armstrong*, 802 F.2d 199 (6th Cir. 1986).  Federal injunctions against state criminal proceedings can be issued only "under extraordinary circumstances, where the danger of irreparable loss is both great and immediate."  *Younger*, 401 U.S. at 45 (internal quotation marks and citation omitted).  The Supreme Court has emphasized that:

> Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered "irreparable" in the special legal sense of that term. Instead, the threat to the plaintiff's federally protected rights must be one that cannot be eliminated by

---

[1] In Case No. 16-06098, Petitioner has been indicted on charges of especially aggravated robbery, criminal attempt aggravated robbery, criminal attempt first degree murder (two counts) and two counts employing a firearm during a felon. (ECF No. 13-1 at PageID 50.)  In Case No. 16-06099, Petitioner has been indicted on two counts of possession of marijuana with intent to sell, two counts of possession of Alprazolam with intent to sell, and one count of possession of a firearm during a drug trafficking offense.  (*Id.* at PageID 63.)  In Case No. 16-06101, Petitioner was indicted on one count of aggravated robbery.  (*Id.* at PageID 72.)

his defense against a single criminal prosecution.

*Id*. at 46. "'Extraordinary circumstances' [must] render the state court incapable of fairly and fully adjudicating the federal issues before it[.]" *Kugler v. Helfant*, 421 U.S. 117, 124 (1975).

The Sixth Circuit has recognized a state prisoner's attempts to seek a speedy trial as one of those exceptional circumstances allowing for relief under § 2241. *Atkins v. People of State of Mich.*, 644 F.2d 543, 546 n.1 (6th Cir. 1981); *see Kanerva v. Zyburt*, No. 2:19-CV-225, 2019 WL 6974736, at *2 (W.D. Mich. 2019). A federal court should abstain from exercising jurisdiction over a speedy trial claim unless the prisoner has first exhausted the claim in state court. *Atkins*, 644 F.2d at 546–48; *Anglin v. Breckinridge Circuit Court*, No. 3:11-CV-P220-H, 2011 WL 1750787, at *1 (W.D. Ky. 2011). The petitioner must "fairly present" each claim to all levels of state court review, up to and including the state's highest court on discretionary review, *Baldwin v. Reese*, 541 U.S. 27, 29 (2004), except where the state has explicitly disavowed state supreme court review as an available state remedy. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 847–48 (1999).

The petitioner bears the burden to show exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Although a federal court can address a pretrial detainee's claim that his post-indictment right to a speedy trial has been violated, the only relief that may be obtained is an order forcing the State to bring him to trial. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489–90 (1973) ("Petitioner does not, however, seek at this time to litigate a federal defense to a criminal charge, but only to demand enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial."); *Atkins*, 644 F.2d at 547–48; *see Smith v. Burt*, No. 19-1488, 2019 WL 5608064, at *2 (6th Cir. 2019) ("the district court properly denied relief to the extent that Smith sought to dismiss the state charges outright"). "The merits of a

defendant's speedy trial claim can be best evaluated if raised on direct appeal following a conviction." *See State v. Hawk*, 170 S.W.3d 547, 548 (Tenn. 2005).

Here, Spears has not shown that he has pursued or exhausted his available state court remedies in his pending state court cases. Spears has available remedies in these cases, but he has not shown the extraordinary circumstances needed to warrant habeas relief as a pretrial detainee. For these reasons, the Court must abstain from exercising jurisdiction here. The Court **GRANTS** the motion to dismiss and **DISMISSES** the § 2241 Petition **WITHOUT PREJUDICE**.

## III. APPEAL ISSUES

Twenty-eight U.S.C. § 2253(a) requires the district court to evaluate the appealability of its decision denying a habeas petition and to issue a certificate of appealability ("COA") "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see* Fed. R. App. P. 22(b). The Sixth Circuit has determined that a COA is required for "all state-prisoner habeas appeals, whether seeking pretrial relief under § 2241 or post-conviction relief under § 2254." *See Winburn v. Nagy*, 956 F.3d 909, 912 (6th Cir. 2020).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation marks omitted); *see Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Miller-El*, 537

U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not issue a COA as a matter of course. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005).

Here, there can be no question that Petitioner has not demonstrated exhaustion. Because any appeal by Petitioner on the issue raised in his § 2241 Petition does not deserve attention, the Court **DENIES** a COA.

Fed. R. App. P. 24(a)(1) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *See* Fed. R. App. P. 24(a)(4)-(5). For the same reasons the Court denies a COA, the Court concludes that an appeal would not be taken in good faith. It is therefore **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[2]

**IT IS SO ORDERED** this 28th day of July, 2022.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

[2] Should Petitioner file a notice of appeal, he must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit with the Sixth Circuit Court of Appeals within 30 days after the date of this order. *See* Fed. R. App. P. 24(a)(5).